BARNARD, P. J., concurred.

Award of commissioners affirmed, with costs.

WILLIAM R. McLAUGHLIN AND ANOTHER, AS EXECUTORS, ETC., OF ROBERT McLAUGHLIN, APPELLANTS, v. IRA O. MILLER, RESPONDENT.

*An installment payable in the future, of the cost of a public improvement, imposed by tax under a special law — is not an incumbrance.*

By chapter 335 of the Laws of 1860 and amendatory acts, the improvement of Fourth avenue, in the city of Brooklyn, was authorized, at a cost of $150,000 to the property along the route of such improvement, of which sum it was directed, by chapter 299 of 1861, that one-twentieth part should be levied and collected by tax in each year for twenty years.

On July 1, 1872, one Ira O. Miller and his wife conveyed a piece of property, on Fourth avenue in the city of Brooklyn, to Robert McLaughlin, by a deed containing a covenant of warranty against all incumbrances, except a mortgage of $1,900.

*Held*, that the installment of the one twentieth part of $150,000, payable each year under the terms of the act of 1861, was not an incumbrance upon the property so conveyed, within the meaning of the covenant contained in the deed.

APPEAL by the plaintiffs from a judgment of the Supreme Court in favor of the defendant, entered on the 3d day of August, 1889, in the office of the clerk of the county of Kings, after a trial by the court without a jury.

The action was brought to recover upon a covenant against incumbrances, contained in a deed conveying premises on Fourth avenue in the city of Brooklyn, executed and delivered by the defendant to the plaintiffs' testator in or about July 1, 1872. The complaint alleged that at the time the deed was delivered an assessment for the Fourth avenue improvement in said city had been imposed upon the premises embraced in such deed and was a lien upon the property conveyed under chapter 299 of 1861 and chapter 608 of 1870.

*Tunis G. Bergen*, for the appellants.

*Ira O. Miller* and *Alfred E. Mudge*, for the respondent.

BARNARD, P. J.:

Ira O. Miller and wife, on the 1st of July, 1872, conveyed a piece of property, in the city of Brooklyn, to Robert McLoughlin. The deed contained a covenant of warranty against all incumbrances, except a mortgage of $1,900. The legislature had before this authorized the improvement of Fourth avenue. The property along the route was required to pay $150,000 of the cost of the improvement, one-twentieth part of which was to be levied and collected in each year for twenty years. One hundred and seventy-five thousand dollars of the cost of the improvement was to be collected, in 1870, from the property in the first twelve wards of the city. All taxes and assessments imposed upon the lots in question before the delivery of the deed were paid by defendant. The question, therefore, is, were the installments of the one-twentieth part of $150,000, payable each year, an incumbrance? We think the successive installments, although fixed by the legislature in advance, a part of the tax for the years in which they were collectible, and that they were not liens on the land from the beginning

within the covenant against incumbrances. The tax was fixed so far that a certain sum was to be raised each year, but every year brings its burdens.

There are various sums which are required to be annually collected, but the land is not incumbered thereby until the tax levy is actually made, and such taxes are a lien on the land from the date of the confirmation of the yearly tax levy only. The evidence does not show an assessment for the entire number of yearly payments in 1870. A fair inference from the fact proven is that the first payment only was made a lien on the land. In order to arrive at the amount of the first payment all the cost of the work did appear, but it was not, and could not, be collected at once. There was, therefore, no cause of action proven. (*Barlow* v. *St. Nicholas Bank*, 63 N. Y., 399.)

The judgment must, therefore, be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.