| 80 | 303 |
| 150a | 582 |

ANNA DEVINE RITTER, Respondent, *v.* FANNIE A. DEVINE and Others, Appellants.

*Action to set aside a mortgage — use of word " conspiracy" in the complaint — misstatement on a sale as to prior liens.*

The use of the term "conspiracy," in the complaint in an action brought to set aside a mortgage on the ground of fraud, does not affect the cause of action, and if it is shown that through deception and mistake the mortgagor has been induced to create a greater liability than she intended, she is entitled to relief against so much of the liability as was procured by fraud and mistake.

Where the notice of sale of property, under the foreclosure of a mortgage, incorrectly and unfairly stated the amount due on prior incumbrances, subject to which the property was sold, the sale should not be allowed to stand.

APPEAL by the defendants, Fannie A. Devine and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 28th day of February, 1894, upon the decision of the court rendered after a trial at the Queens County Special Term.

*M. L. Hollister* and *John H. Inness,* for the appellants.

*Mirabeau L. Towns* and *Raphael J. Moses,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment of the Special Term in favor of the plaintiff. The defendant Fannie A. Devine brought an action for separation against her husband, Thomas Devine, who is the son of the plaintiff. In that action in April, 1883, she recovered judgment by which the husband was ordered to pay alimony at the rate of seven dollars per week, and to give a bond in $1,000 with surety to secure such payment. By an order made pending the

action, the defendant therein was directed to pay five dollars a week as temporary alimony, and at the time of the entry of the judgment the unpaid alimony under this order amounted to $135. Thomas Devine absconded before judgment, but returned to this State in 1888. Upon learning of his return the wife's attorney, the defendant Inness, obtained an attachment for the unpaid temporary alimony under which the husband was arrested. Upon his arrest negotiations to procure his release were had between the defendant Inness, the husband and his mother, the present plaintiff. These negotiations resulted in the execution by the plaintiff of a bond and mortgage for $150 ($135 alimony and $15 sheriff's fees on arrest) payable in three years ; a bond in $1,000, as required by the decree in the separation action, a stipulation reducing the alimony to five dollars per week and a mortgage without bond which recited the decree and the reduction of the alimony to five dollars a week, and mortgaged the lands described therein to secure the payment of the alimony ordered by the decree, with the provision that on default in the payment of any alimony continuing for ninety days the lands mortgaged could be sold. In the year 1889 the mortgage for $150 was foreclosed by advertisement, the notice of sale stating the premises to be subject to the other mortgage on which there was then due the sum of about $2,026. On the sale the premises were purchased by the defendant Alfred Devine, the son of the defendant Fannie A. Devine. In 1893 the plaintiff brought this action, alleging that said mortgages were procured from her by fraud, and asking judgment that such mortgages and the sale under foreclosure be declared void. The court at Special Term found that the alimony mortgage was signed by the plaintiff under the belief that the limit of the amount to be secured by it was the amount of the bond, $1,000, and that she was deceived and misled into that belief. An account having been taken of the rents and profits, judgment was entered declaring the mortgage to be security for the sum of $1,000 only, setting aside the sale and providing for a redemption by the plaintiff upon paying the amounts still due on the mortgage after charging the defendants with the rents.

We think that there was no such variance between the case made by the plaintiff on the trial and that stated in the complaint as precluded the court from granting relief. While she did not show

such deception and mistake as entitled her wholly to avoid the mortgages which she had executed, if she proved that by deceit she had been induced to create a greater liability than was intended she was entitled to the relief against the excess procured by fraud and mistake. The use in the complaint of the term "conspiracy" does not affect the cause of action. It was simply an action to set aside the instruments on the ground of fraud.

This brings us to the question whether the trial court erred in its finding of fact that the mortgages were procured by deceit and mistake. We think the evidence justifies the findings in this respect. The plaintiff was a woman characterized by the defendant Inness in his letter to the public administrator as "ignorant and unfitted for business," and as appears by her evidence in this case probably justly so characterized. She had no lawyer present to aid her in the negotiations from which the mortgages proceeded. The defendant Inness, the counsel for the plaintiff in the separation action, Fannie A. Devine, drew all the papers. It is not necessary to rely on the testimony of the plaintiff. It is sufficient to assume the correctness of the statement of the defendant Inness. He narrates the conversation between himself and the plaintiff. He told her that in addition to the $135 arrears of alimony for which her son was arrested a bond of $1,000 to secure the payment of the alimony was required by the judgment. He told her that her son said she was willing to give this security. She consented to execute the bond and did execute it. They then spoke of a reduction of the alimony. " I asked Mrs. Devine if I should assent  *   *   *  to this reduction (of the alimony) from $7 to $5 per week whether she was willing to secure that by mortgage upon the property, and she said that she was." Bearing in mind the previous reference to the bond of $1,000, and her execution of it, we think the fair and reasonable construction of this conversation was that the bond of $1,000 should be secured by the mortgage. If it was intended that instead of security for $1,000, the mortgage should be an obligation upon which $1,380 (alimony at $5 a week) would be due at the very instant of its execution, and which should cover all alimony which might subsequently accrue, common fairness dictated that " an ignorant woman unfitted for business" should have been fully apprised of the change in

amount and extent of the obligation. It is further to be observed that while the plaintiff is given three years to pay the $150, the other mortgage is so drawn that ninety days after a default in payment of the alimony a foreclosure of it could be instituted for the $1,380 of alimony past due. These facts justified the findings of the Special Term.

As the notice of sale incorrectly and unfairly stated the amount due on the prior incumbrances subject to which the property was sold, the sale should not be allowed to stand.

The judgment appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.