(23 App. Div. 103.)

GREENE v. BUNZICK et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1897.)

JUDGMENT OF FORECLOSURE—PAYMENT OF TAXES.
    In an action to foreclose a mortgage, the terms of sale and the judgment,
    construed together, provided for the payment from surplus money of all
    taxes which were liens upon the property. *Held*, that this provision covered
    the entire unpaid portion of a tax levied under Laws 1892, c. 310, which,
    by the express terms of the act, though payable in installments in different
    years, became and remained a lien on the land until paid.

Appeal from Kings county court.
Action by Wilkins U. Greene, as executor, against Sophia Bun-
zick and others. Judgment for plaintiff. From an order denying
an application made by Henry Kruse, a judgment creditor, to re-
strain William J. Buttling, sheriff of Kings county, from paying,
out of the proceeds received on the sale of land on foreclosure of
mortgage, certain taxes levied and assessed against the premises,
Kruse appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

George W. McKenzie, for appellant.
Theodore Kiendl, for respondent purchasers and mortgagee.
Hugo Hirsh, for the sheriff.

HATCH, J. The sum realized upon the sale of the premises was
more than sufficient to pay the mortgage debt. This surplus is
sought to be reached by a judgment creditor, in discharge of his
judgment. The purchasers and the mortgagee insist that it is ap-
plicable to the payment of certain taxes, to the exclusion of the judg-
ment creditor, and the sheriff submits his action to the direction
of the court. Whether the surplus shall be used to discharge the
taxes depends upon whether they constitute a lien and incumbrance
upon the premises sold under the foreclosure, which are presently
payable. The terms of sale provide that:

"All taxes and assessments, duly confirmed and payable, which at the date of
sale are liens or incumbrances upon said premises, will be allowed by the sheriff
out of the purchase money; provided, the purchaser shall, previously to the
delivery of the deed, produce to the sheriff proofs of such liens, and duplicate
receipts for the payment thereof."

It is not disputed that a valid tax was levied in pursuance of the authority conferred by chapter 310 of the Laws of 1892. The claim of the appellant, however, is that the tax thus levied was payable in installments, and that all of the installments which had fallen due at the time of the sale have been paid, in consequence of which none are now payable. The respondent claims that the terms of sale are much broader than this, and embrace all taxes which are liens upon the premises. By section 3 of the act, the assessors are required to levy an assessment in a specified manner upon the property subject thereto. The section then provides:

"And the said assessment shall thereupon become a lien and charge upon the several pieces or parcels of land to the amount so apportioned and assessed upon them respectively, with the interest to accrue thereon as hereinafter provided."

By section 5, the assessors, after apportionment and confirmation of the assessment, are required to divide the same into five equal parts or installments, and to file a report and duplicate of the same in various city offices. Immediately upon the filing of the report, the common council of the city is required to—

"Issue its warrant to the collector of taxes and assessments for the collection of one fifth part or instalment of said assessment, accompanied by an abstract of said assessment showing the amount of such instalment charged against each parcel affected by said assessment, and the same shall thereupon become payable and be collected by the said collector, * * * and the said warrant shall also authorize the collector of taxes * * * to receive payment of any subsequent instalment or instalments with interest." Section 5.

By section 6, all subsequent installments become due and payable on the 15th day of November in each year, and are required to be collected in like manner as the first installment.

We think there can be no question but that, under the terms of the act, the assessment became a lien and incumbrance upon the land, for the full amount of the tax, when the amount of the same was apportioned and the assessment confirmed by the proper officials in the manner prescribed by the statute. McLaughlin v. Miller, 124 N. Y. 510–515, 26 N. E. 1104. And such lien was unaffected by the fact that the tax was to be collected in installments. It is not contended but that all of the steps essential to a valid tax were taken as required by the act. We therefore conclude that the tax, for the full amount, constituted the same a lien and incumbrance upon the land.

Was the tax payable, within the terms of sale? By section 1676 of the Code of Civil Procedure, the officer making a sale under a judgment of foreclosure "must, out of the proceeds, unless the judgment otherwise directs, pay all taxes, assessments, and water rates, which are liens upon the property sold." It is not claimed in the present case that there was any clause in the judgment which directed any different application of the moneys realized upon the sale from the usual judgment entered in foreclosure actions directing the payment of taxes. The judgment would seem, therefore, to require payment of all taxes which were liens. The terms of sale cannot be held to modify the terms of the judgment, but are to be construed in connection with it; and, as the judgment directed the

payment of all taxes which were liens upon the property, the word "payable" must be held to embrace them. The terms of sale in the present case are in the usual form adopted by the officer who made the sale, as appears from an examination of the printed form used in all such cases. The policy of the law is to authorize the discharge of all liens subject to the mortgage, and such liens as are created by public authority, that may be discharged, in order that the premises may descend to the purchaser freed of all liens. We should not limit this result by an adverse construction of doubtful words and phrases. Rather should we construe them to harmonize with the terms of the authority authorizing the sale, and in accordance with the evident policy of the law. There should be no departure from this rule, unless the language used clearly shows an intent to limit the character of the liens which might have been discharged under the operation of the general rule. There is nothing in the discussion in McLaughlin v. Miller, 57 Hun, 430, 10 N. Y. Supp. 830, which conflicts with this view. The expense of the improvement in that case was distributed and made payable in different years. In this respect there is resemblance, but there was nothing in the act providing for that improvement which made the whole cost a lien upon the land. On the contrary, the assessment was levied and collected each year, and the installment thus levied was all that became a lien in any one year. In the present case, by the express terms of the act, the whole tax became and remained a lien upon the land until paid. The tax was distributed over five years, but it was a lien, and payable as directed when first levied. It was therefore such a lien as was directed to be discharged by the judgment and the terms of sale.

The order should therefore be affirmed, without costs. All concur.