(162 App. Div. 316)

## MULLINS v. FRANZ et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1914.)

1. MORTGAGES (§ 529*)—FORECLOSURE—VACATING SALE—IRREGULARITIES.

Where, in a foreclosure suit, the terms of sale provided that the property was subject to the right, title, and interest, if any, of the city, and subject to covenants and restrictions, if any, though the judgment contained no direction or provision that the sale should be subject to such interests, and the property, worth $3,500, was sold for $10 to the mortgagee, who had a claim for $1,641.60, and who was the only bidder, a resale will be ordered, as a referee, directed to sell the property, cannot on his own motion or at the suggestion of plaintiff insert in the terms of sale a provision that they are to be sold subject to a vague, indefinite, uncertain, outstanding interest in another, thereby causing an unjust and needless sacrifice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. § 529.*]

2. JUDICIAL SALES (§ 35*)—OPENING OR VACATING—GROUNDS.

The courts exercise superintendence over judicial sales, and, while ordinarily reluctant to interfere, will set them aside for fraud or misconduct in the purchaser or other persons connected with the sale or for substantial errors or unauthorized acts of the referee.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 72, 73; Dec. Dig. § 35.*]

3. MORTGAGES (§ 515*)—FORECLOSURE—TERMS OF SALE.

A referee conducting a foreclosure sale must sell in compliance with the judgment and cannot make terms of sale not in compliance therewith.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1517; Dec. Dig. § 515.*]

4. MORTGAGES (§ 526*)—FORECLOSURE—VACATING SALE—IRREGULARITIES.

The parties may disregard the unauthorized act of the referee conducting a foreclosure sale, if harmless, or where no party in interest is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

injured, and, if they disregard it, the purchaser cannot complain and the court may ratify the act; but, where it is unauthorized and the property rights of a party in interest are injured, the act must be repudiated.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1530–1534; Dec. Dig. § 526.*]

5. APPEAL AND ERROR (§ 714*)—RECORD—CONCLUSIVENESS.

On appeal in a foreclosure suit from an order denying a motion for a resale, where the record showed a sale of property reasonably worth $3,500 to the mortgagee for $10, the court was bound thereby, though plaintiff, upon the argument, stated that the property was subject to taxes and assessments in a substantial amount.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2958–2963; Dec. Dig. § 714.*]

Appeal from Kings County Court.

Action by Robert F. Mullins against John G. Franz and others to foreclose a mortgage. From an order denying a motion for a resale, defendants appeal. Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Louis J. Somerville, of Brooklyn (Joseph W. Schwartz, of New York City, on the brief), for appellants.

John C. Stemmermann, of Brooklyn, for respondent.

STAPLETON, J. [1] The defendants Franz and Semken are the obligors on a bond. The defendant Hagen is the owner of an undivided one-half interest in the real property described in the complaint. The payment of the bonded indebtedness was secured by a mortgage upon that property. This action was brought to foreclose the mortgage. The defendants were served, but defaulted in appearing and pleading. The action proceeded to judgment of foreclosure and sale. The amount of the bonded indebtedness is $1,600. The amount found to be due by the judgment is $1,641.60. The amount of costs and allowances is $175.71. The reasonable value of the premises is $3,500. The property was sold to the plaintiff for $10 at the judicial sale.

The terms of sale, describing the mortgaged premises, contained this provision:

"Subject to the right, title and interest, if any, of the city of New York, of, in and to the above premises, and subject to covenants and restrictions, if any."

The judgment contained no direction or provision that the sale should be subject to such a provision. These facts are undisputed. An attorney examined the title to the premises and avers it to be his opinion that the title of the defendant owner is good and marketable. There is no fact stated by the purchaser to destroy this opinion, and no opinion is presented in opposition to it. The defendants named made a motion to the County Court for an order for a resale in harmony with the direction in the judgment, and for other appropriate relief. The court denied the motion, and it is from the order

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

denying the motion that this appeal is taken. The question therefore is: Upon the conceded facts, can the order be sustained?

[2] The courts exercise superintendence over judicial sales, and, while reluctant ordinarily to interfere with them, they set them aside for fraud or misconduct in the purchaser or other persons connected with the sale, such as the plaintiff, his agent or attorney, or for the substantial errors or unauthorized acts of the referee, the agent of the court. Collier v. Whipple, 13 Wend. 224; Hale v. Clauson, 60 N. Y. 339; Riggs v. Pursell, 66 N. Y. 193, 198; Fisher v. Hersey, 78 N. Y. 387; Clapp v. McCabe, 155 N. Y. 525, 532, 50 N. E. 274.

In Wanser v. De Nyse, 188 N. Y. 378, 380, 80 N. E. 1088, 117 Am. St. Rep. 871, the court say:

"In this state a person who, in good faith, bids upon real property at a judicial sale where the particular interest offered is not expressly stated, has a right to assume that he is to receive a conveyance of the fee, and that the title to such real property is marketable."

"The plaintiff" (in a foreclosure suit) "was entitled to have the interest of the mortgagor, little or great, in the mortgaged premises, sold toward the satisfaction of his debt." Matter of Fales, 33 App. Div. 611, 612, 53 N. Y. Supp. 1046, affirmed 157 N. Y. 705, 52 N. E. 1124.

[3] The quality of the estate or the extent of the interest to be sold, or the liens, charges, or incumbrances subject to which the property is to be sold, are not to be left to a mere ministerial officer, the referee, or to the control of the plaintiff's attorney. The referee has no power or authority except the judgment of the court. He cannot vary the judgment. He cannot make a sale except in compliance with it. He can sell neither more nor less than it directs him to sell. The terms of sale cannot vary the judgment or relieve the referee from the performance of his duty to sell as directed. People ex rel. Day v. Bergen, 53 N. Y. 404, 407; Heller v. Cohen, 154 N. Y. 299, 308, 48 N. E. 527.

[4] Where the act of the referee is unauthorized and harmless, the parties may disregard it. Where the act of the referee is in excess of authority and a party in interest is not injured, the parties may disregard it and the purchaser cannot complain, and the court, on the motion of the parties affected, may ratify the act. Where the act is unauthorized and property rights of a party in interest are injured, the act must be repudiated.

A referee who is directed by a judgment to sell certain described real property cannot insert in the terms of sale, on his own motion or at the suggestion of the plaintiff or his agents, a provision that the premises are sold subject to a vague, indefinite, uncertain outstanding interest in another. The effect of such an act is to make the subject-matter of the sale uninviting to intending purchasers, and the probable result is an unjust and needless sacrifice of the property of the owner of the mortgaged premises. Freeman on Void Judicial Sales (4th Ed.) § 36; Ritter v. Devine, 80 Hun, 303, 306, 30 N. Y. Supp. 155, affirmed 150 N. Y. 582, 44 N. E. 1128.

[5] The plaintiff, upon the argument, stated that the property was subject to taxes and assessments in a substantial amount. We are bound by the record, which shows that in this case plaintiff, the only

bidder, purchased for $10 at a judicial sale, under the circumstances described, real property the reasonable value of which is $3,500, and against which he had a claim for $1,641.60, and retained the right to a deficiency judgment against the obligors on the bond for the full amount of his claim.

The act of the referee was illegal, and the sale cannot survive the attack of one who had a right to be heard concerning the matter and who is injured thereby.

I advise that the order of the County Court of Kings County be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.