OWEN F. LUKER, Plaintiff, *v.* HORACE E. FITZER et al., Defendants.

(County Court, Oneida County, May, 1919.)

Foreclosure — mortgages — proper practice for terms of sale to contain statement as to condition of title — when referee's deed should contain special provisions contained in terms of sale.

    The usual practice in mortgage foreclosures, of stating in the terms of sale the condition of the title, when truthfully and fairly done, is to be commended.

    Where at the time of the entry of judgment in an action to foreclose a mortgage, the holder of the title to the premises under an official tax sale which antedated the mortgage by a number of years, though not made a party defendant, had an action pending to establish her title as paramount to that of both the mortgagor and the mortgagee, and since the entry of judgment has been acquired by the purchaser on foreclosure, the referee to sell may properly insert in the terms of sale, which were read, that the sale was made subject to all the rights under a certain quit claim deed to the purchaser in the foreclosure action and also subject to all rights of his grantor, in her action to have her title adjudged paramount to the mortgage.

    The purchaser on foreclosure having bid in the premises with full knowledge of the claim under the tax title, his motion for

an order to compel the delivery of a referee's deed without and free from any contentions or restrictions and free from any lien or rights of the grantor of the quit claim deed, so far as any reference thereto in said referee's deed is concerned, will be denied.

ACTION for the foreclosure of a mortgage. Upon a judgment of foreclosure and sale in the usual form, the referee conducted a sale herein. The terms of the sale, which were read at the time, contained the following: " This sale is made subject to all the rights of one Anna Ludwig under a certain quit claim deed from Orville Balch and wife, dated January 31, 1916, and recorded in the Oneida County Clerk's office February 7, 1916, in Book of Deeds No. 725, page 33, and also all the rights of said Anna Ludwig in a certain action in the Supreme Court wherein she is plaintiff and Warren H. Kinney and others are defendants, as such right and interest existed at the time of filing the lis pendens herein and the commencement of this action, March 7, 1919."

The property was bid off by Evan H. Evans for $1,510. It seems that he signed the terms of sale under protest, claiming that the referee was without power to insert the above quoted provision in the terms of sale, and he makes this motion for an order compelling the referee to execute and deliver to him a referee's deed " without and free from any contentions or restrictions and free from any lien, claim or rights of one Annie Ludwig, so far as any reference thereto in said referee's deed is concerned."

P. H. Fitzgerald, for motion.

H. D. Pitcher, opposed.

HAZARD, J. This motion is based largely upon the authority of *Mullins* v. *Franz,* 162 App. Div. 316, in

which case the court said: "A referee who is directed by a judgment to sell certain described real property cannot insert in the terms of sale on his own motion or at the suggestion of the plaintiff or his agents a provision that the premises are sold subject to a vague, indefinite, uncertain outstanding interest in another." Also, " The referee has no power or authority except the judgment of the court. He cannot vary the judgment. He cannot make a sale except in compliance with it. He can sell neither more nor less than it directs him to sell. The terms of sale cannot vary the judgment or relieve the referee from the performance of his duty to sell as directed."

The question is presented as to whether the act of the referee in inserting the provision quoted in his terms of sale was in violation of the *dicta* just quoted, and this brings us to a consideration, firstly, of the underlying facts in this case. It appears that at the time of entry of judgment herein Anna Ludwig had a tax title to the premises in question, which title grew out of an official tax sale, and her title antedated the mortgage which was foreclosed herein by quite a number of years. She was not made a party to this action. At the time of the entry of judgment herein she had an action pending in the Supreme Court, the purpose of which was to establish her title as paramount to that of both the mortgagor and mortgagee herein. As above stated, she was not a party to this action, and the judgment herein was not of any particular force as against her. In the event of her succeeding in her action and establishing a tax title, her rights were paramount to those of the mortgagor and mortgagee herein.

We come to a consideration of the question thus presented as to whether the referee exceeded his powers in inserting the clause first above quoted in his

terms of sale, and also whether the deed which the referee is to give should also contain a similar provision. In this connection it may be observed that perhaps it does not so greatly matter whether the deed contains the provisions or not, because whether it does or not, it does not matter to Mrs. Ludwig. It seems, however, that her interest has since the entry of judgment been acquired by the plaintiff herein who deemed it expedient to fortify his title by paying her off and taking a quit claim deed from her. He now presents the claim that inasmuch as he has made this expenditure (said to be $300) to protect an otherwise dubious title, the conveyance by the referee herein should contain the same provision as the terms of sale so that the purchaser and moving party here cannot by prompt transfer of the title deprive him of whatever rights he secured by his quit claim deed from Mrs. Ludwig. The whole question of the propriety of the referee's action of inserting the provision in question in the terms of sale, and also in the deed, thus comes up for consideration.

The language of the case above cited is certainly strong, and one might almost feel unduly so. It was used in what was undoubtedly an aggravated case, for, as stated by the court, the plaintiff therein '' purchased for $10 at a judicial sale under the circumstances described real property, the reasonable value of which is $3,500, and against which he had a claim for $1,641.60, and retained the right to a deficiency judgment against the obligators of the property for the full amount of his claim.'' The language employed, however, is so strong as to raise at least an inference, if not an absolute dictum, to the effect that a referee in giving notice of any prior claim or incumbrance or defect of title may be '' varying the judgment.'' The statement can hardly be taken literally. It is ordinary

knowledge and a matter of common practice that where a second or third mortgage is foreclosed, the judgment is in the usual form, and does not provide that the property shall be sold subject to the prior mortgages. However, I believe it is the custom of referees, and I think properly so, to state in their " terms of sale " the facts in connection with the prior mortgage, as to the amount of it and the date when it becomes due, etc. I assume that no one would contend, and that the Appellate Division did not mean to decide that so doing was " varying the judgment." It would be idle *not* to so state, and any different procedure would result in numerous sales having to be reopened. The *dictum* in *Mullins* v. *Franz* is founded upon a citation to a text book and the case of *Ritter* v. *Divine*, 80 Hun, 303. That case does not go to any such length, and what it decides may be summed up fairly in the concluding paragraph which reads: "As the notice of sale incorrectly and unfairly stated the amount due in the prior incumbrances subject to which the property was sold, the sale should not be allowed to stand." That is a very different proposition from that of the case at bar. The referee has not injected anything unfair or untrue in this case.

It seems to me that what I believe to be the customary and usual practice on the part of the referees in mortgage foreclosure cases, of stating the condition of the title in the terms of sale, when it is fairly and truthfully done, is not only not to be condemned, but is to be commended. Otherwise bidders must search the record as a preliminary to intelligent bidding. In the case at bar had the referee not inserted the notice in question in his terms of sale, the bidder upon the sale instead of finding fault therewith would have been well justified in finding fault with the *absence* of such notice, and could have, I think, successfully asked to have been relieved from his bid. A title with ref-

erence to which there was an official tax sale antedating the title of the mortgagor and a pending action in the Supreme Court, with *lis pendens* filed, seeking to oust the mortgagor from possession of the premises can hardly be called a marketable title; and it seems to me that the referee having knowledge of this fact was fully warranted as a matter of ordinary fairness and good practice and good faith to give notice to intending bidders of this important fact. I do not think this can be described as a "vague, indefinite, uncertain outstanding interest in another," such as comes within the dictum of the *Mullins* v. *Franz* case. In that case the objectionable language was this: "Subject to the right, title and interest, if any, of the City of New York, of, in and to the above premises, and subject to covenants and restrictions, if any." Such language might well be characterized as "vague, indefinite, and uncertain," but I do not think that these characterizations are applicable here. Nor do I think that this purchaser who is primarily the moving party herein, is in a position to complain. He was treated in absolutely good faith by the referee. Even if the referee had said nothing, it was beyond the power of the referee to defeat the outstanding rights and interests of Annie Ludwig. He therefore fairly announced that he was selling subject to those rights, whatever they were. "What could pass by the foreclosure sale was what purported to be sold and must have been so understood by the purchaser. No wrong is done in requiring him to pay for exactly what he bought." *Cromwell* v. *Hull,* 97 N. Y. 209. In the case last cited it is to be observed (p. 210) that: "The judgment of foreclosure was in the usual form, no provision being made for a sale subject to the rights of the children of the testator's living children, or reference thereto. *The sale, however, was with notice of and subject to those outstanding rights.*" As was said in

*Bache* v. *Doscher,* 67 N. Y. 429, 432: "All the referee could do was to sell the premises subject to such mortgages, if any; and all the title he could give was such as the parties to the action had. Such a sale he made." Again, in *Moller* v. *Muller,* 12 Hun, 674, the court said: " The plaintiff was not bound to make a conceded prior incumbrancer a party, but he was bound to sell subject to the prior lien. To permit him to do otherwise would be a fraud upon the purchaser."

Having reached the conclusion that the referee acted properly in inserting the notice of the outstanding Ludwig claim in the terms of sale, there remains nothing to decide but the question of whether the deed should omit the clause in question. As to that, I think the moving party has no serious standing in court to object. As was said in the case of *Cromwell* v. *Hull, supra:* " No wrong is done in requiring him to pay for exactly what he bought." He bid with full knowledge of the existence of the Ludwig claim, and, as pointed out, the referee could not sell free of that claim, and purporting or attempting to do so would have been idle, if not in fact fraudulent.

This discussion, so far, deals largely with the terms of sale, whereas, the motion is directed to the contents of the deed. I believe it is customary, and I think it is also proper to have the one follow the other; that is, to have the deed contain any special provision which the terms of sale may contain. Eliminating the clause in question will serve no useful purpose except, perhaps, to facilitate a transfer of the title by the purchaser freed of whatever incumbrance the Ludwig claim may constitute. If that claim is a fair and legal one, I assume it should be paid. If it is not a fair and legal claim, that fact should be demonstrated in a proper and legal way. The motion is denied.

Motion denied.