No. 1 of the Town of Marion. Prior to that time the electors of the Marion School District had authorized the issuance of bonds to pay for a school. Plaintiff, a taxpayer in one of the annexed districts, brought this action to test the question of his liability to assessment for payment of such bonded indebtedness.

*George S. Van Schaick* and *Howard M. Woods* for appellant.

*Harry D. Williams* and *Lawrence G. Williams* for Wood & Brooks Company, *amicus curiæ.*

*Clyde W. Knapp* for respondent.

*Albert Ottinger, Attorney-General, amicus curiæ.*

*Ernest E. Cole* for Commissioner of Education, *amicus curiæ.*

*Simon Fleischman, Frank C. Moore* and *Martin Clark* for Union Free School District No. 1, Town of Tonawanda, *amicus curiæ.*

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

DOROTHEA E. BECKER, Appellant, *v.* JOHN A. MUEHLIG, Individually and as Executor of LOUIS MUEHLIG, Deceased, et al., Defendants, and CAROLINE A. R. HARSCH et al., Respondents.

*Vendor and purchaser — practice — partition — judicial sale — referee must conform to directions of judgment — motion to compel bidder to complete purchase denied.*

*Becker* v. *Muehlig,* 221 App. Div. 512, affirmed.
(Submitted April 6, 1928; decided May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 17, 1928, which reversed an order of Special Term directing defendant Harsch to complete her purchase of premises bid in by her at a sale in partition and denied a motion to compel her so to do. By the inter-

Prepared by State Reporter from Appeal Papers

locutory decree in partition the premises were directed to be sold " free from the lien of all debts." The property was offered for sale by the referee " subject to all unpaid paving taxes." The successful bidder refused to complete on the ground that she supposed she was buying the property free from all liens as directed by the judgment. The Appellate Division held that it was the duty of the referee to conform to the directions of the judgment.

*John G. Lesswing* for appellant.

*Gottfried H. Wende* for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

In the Matter of the Claim of LOVERSA WINDRUMS, Respondent, against MUNSON STEAMSHIP LINES, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

*Constitutional law — jurisdiction — workmen's compensation — master and servant — authority of State Industrial Board to award compensation for death of steamship clerk from drowning in course of employment.*

*Matter of Windrums* v. *Munson S. S. Lines*, 222 App. Div. 707, affirmed.

(Submitted April 6, 1928; decded May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 7, 1927, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant's husband was employed by defendant as a steamship clerk and checker. His work consisted of checking cargo discharged from steamers. He worked both on the vessel and on the dock. The Industrial Board found that while in the course of his employment he fell from the pier and was drowned. This appeal by the employer is taken under section 588 of the Civil Practice Act, subdivision 1, on the ground