EMPIRE STATE DEVELOPMENT CO., INC., Respondent, v. JUSTINE L. LAMBERT, Appellant.—

interlocutory judgment directed the sale of the premises, not the sale of the interests of the parties or of such title as they might hold in the premises. Hence, the Referee acted in excess of his authority: (a) by inserting in the terms of sale the provision that the purchaser should be entitled to "only such title as is held by the plaintiff and defendant"; and (b) by stating on the sale that the successful bidder would

be required to accept such title as the sellers had "whether the title be marketable or unmarketable" (cf. *Mullins* v. *Franz*, 162 App. Div. 316; *Becker* v. *Muehlig*, 221 App. Div. 512, affd. 248 N. Y. 543). The Referee's announcement and imposition of such terms necessarily discouraged bidding. Defendant was entitled to a sale which would yield the best price that could fairly and reasonably be obtained, and where it appears that the sale was not fairly conducted, the court may, and should, set it aside (*Goldberg* v. *Feltman's of Coney Is.*, 205 Misc. 858). Nolan, P. J., Christ and Brennan, JJ., concur; Ughetta and Pette, JJ., concur in the affirmance of the interlocutory judgment but dissent from the reversal of the final judgment and vote to affirm such judgment.