Harry A. Zouppas, Also Known as Eleutherios A. Zouppas, Respondent, *v.* Anna Yannikidou, Appellant, et al., Defendants.

First Department, March 6, 1962.

*Martin L. Fried* of counsel (*Bernard Goldstein* and *Seymour Klagsbrun* with him on the brief; *Tenzer, Greenblatt, Fallon & Kaplan,* attorneys), for appellant.

*Martin A. Fromer* (*Stanford G. Lotwin* with him on the brief), attorney for respondent.

McNALLY, J. In this partition action the question presented is whether the final order and judgment confirming the sale and granting judgment accordingly was properly made.

Involved is a parcel of land 25 feet in width, front and rear, and 100 feet in depth, situate on the easterly side of First Avenue, 77 feet 2 inches south of 73rd Street, in the Borough of Manhattan, improved with an old four-story tenement. The principal value is in the land. The premises were sold at public auction to plaintiff, the sole bidder, for $5,000, subject to a first mortgage of $13,000, a lien of $2,196.48 and alleged New York and Federal liens for unpaid estate taxes. The property is assessed at $36,000.

Appellant, a resident of Greece, contends the sale price is inadequate; that bidding at the sale was inhibited by the manner

in which it was conducted. Appellant adverts to a prior offer of $50,000 for the property, and to recent sales of comparable parcels for $70,000 and $120,000, and the affidavit of her real estate expert states the value of the property to be $65,000.

It would appear that the price obtained was grossly inadequate, although we do not find it necessary to so find in order to reach our decision.

We take judicial notice of the interlocutory judgment herein entered August 7, 1961, the terms of sale, and the report of sale confirmed by the order and judgment reviewed on this appeal, not part of the record on this appeal. (*Hunter* v. *New York, Ontario & Western R. R. Co.*, 116 N. Y. 615, 621–622; *People* v. *Dritz*, 259 App. Div. 210; *People ex rel. Platt* v. *Rice*, 80 Hun 437, 442, affd. 144 N. Y. 249.) It has been held that matters judicially noticed by an appellate court should be limited to matters sustaining the judgment below (*Day* v. *Town of New Lots*, 107 N. Y. 148, 157), but more recently that they may support a reversal (*Hunter* v. *New York, Ontario & Western R. R. Co., supra*). Moreover, to the extent this appeal is from the order confirming the Referee's report of sale, this court exercises original jurisdiction of the underlying motion (*De Rosa* v. *Slattery Contr. Co.*, 14 A D 2d 278, 281) and may take judicial notice of the filed papers upon which the order was made. (See, also, *Matter of Marshall*, 15 A D 2d 310.)

The interlocutory judgment entered August 7, 1961 recites the liens of the mortgage for $13,000 and the additional lien for $2,196.48, and directs the sale of the premises at public auction; no provision is made therein for a sale subject to tax liens. The notice of sale offered the property subject to said liens and '' subject to lien for unpaid New York Estate Tax and Federal Estate Tax ''. The amount of the estate tax liens was not stated and does not appear.

The Supreme Court has power to set aside a judicial sale of real property although it is regular, even in the absence of fraud. (*Hale* v. *Clauson*, 60 N. Y. 339.) A sale may be set aside for irregularities. (*May* v. *May*, 11 Paige Ch. 201.) An application for relief against a judicial sale is addressed to the discretion of the Supreme Court. The Court of Appeals has held that orders vacating sales for irregularities are not reviewable there. (*Hale* v. *Clauson, supra*; *Dows* v. *Congdon*, 28 N. Y. 122; *Buffalo Sav. Bank* v. *Newton*, 23 N. Y. 160; *Hazelton* v. *Wakeman*, 3 How. Pr. 357; *Wakeman* v. *Price*, 3 N. Y. 334.)

Inadequacy in price alone ordinarily is no ground for a resale, although satisfactory proof thereof should appear as a basis for such relief. (*State Realty & Mtge. Co.* v. *Villaume*, 121 App.

Div. 793, 795.) However, the judicial sale of real property must conform to the judgment to sell and the terms of sale may not deviate therefrom to provide for a sale subject to estate tax liens not mentioned in the judgment, vague and indefinite as to existence and amount. Such unauthorized terms of sale tend to discourage purchasers and to unjustly sacrifice the property of the owners thereof, such as the appellant. (*Becker* v. *Muehlig,* 221 App. Div. 512, affd. 248 N. Y. 543; *Mullins* v. *Franz,* 162 App. Div. 316; Civ. Prac. Act, § 1062.) This may well have happened in the instant case; appellant contending the mention of estate tax liens by the auctioneer with no proof of validity or amount was sufficient to discourage participation in the bidding by persons who might otherwise have been interested.

In connection with the allowance of $1,000 to the Referee, and $750 additional allowance to the attorney for plaintiff, we feel called upon to observe the record does not support or warrant allowances in said amounts.

The final order and judgment confirming the sale and granting judgment thereon should be vacated, on the law, on the facts and in the exercise of discretion, without costs, and a resale directed in conformity with the interlocutory judgment of sale.

Botein, P. J., Rabin, Stevens and Bergan, JJ., concur.

Final order and judgment confirming the sale, unanimously reversed, the judgment vacated, on the law, on the facts and in the exercise of discretion, without costs, and a resale directed in conformity with the interlocutory judgment of sale. Settle order on notice.