■ ROBERT GOLDSTEIN et al., Respondents, v THIRLEX REALTY, INC., et al., Defendants, and JOSEPH B. KOPPELMAN, Appellant.—Order, Supreme Court, New York County, entered August 30, 1978, denying appellant's motion for reimbursement of moneys expended or to be expended by appellant in respect to a property acquired pursuant to a judgment of foreclosure and sale, unanimously reversed, on the law, and motion granted, directing the reimbursement by the Referee of $2,997.94 already paid to the city collector, and of the additional $191.48 to be paid by appellant as an existent lien on the premises, with costs and with disbursements. This action was commenced by respondents Goldstein *et al.,* against the respondents Thirlex Realty *et al.,* to foreclose on a mortgage on property and an edifice thereon located on East 89th Street, New York City. A Referee was appointed, and the property was sold, pursuant to a judgment of foreclosure and sale, to appellant at an auction sale held on July 6, 1978 for the sum of $150,000. Several days prior to July 31, 1978, the date set for closing, respondents Goldstein, *et al.,* informed the Referee and appellant that they would not deliver the deed to the property unless the appellant also made payment on (a) that proportion of the prospective tax liens of the City of New York, which, although due on July 1, 1978, would give the appellant the beneficial enjoyment of same after the close of title on July 31, 1978; and (b) two outstanding liens of the City of New York for emergency repairs to the property prior to the sale. So as not to hinder the transfer of title, respondents Goldstein, *et al.,* appellant and the Referee entered into a stipulation on July 31, 1978, whereby the appellant paid to the city collector the amount of $2,997.94 representing that portion of the real estate taxes

payable for the period of July 31 to September 30, 1978, that portion of the water and sewer taxes payable for the period of July 31, 1978 to June 30, 1979, and charges representing completed emergency repairs by the City Department of Housing and Preservation, with interest thereon, to correct prior violations of the city housing code. Pursuant to the stipulation, the deed was delivered, the balance of the purchase price was paid to the Referee, and the resolution of the matter was left to the court. Appellant purchaser made a motion to the Special Term for an order directing the Referee to make reimbursement to the appellant in the amount of $3,189.42, representing the above $2,997.94 and the additional sum of $191.48 to be expended by the appellant to clear yet another lien of the Department of Housing and Preservation for emergency repairs completed. The motion was denied by Special Term. The judgment of foreclosure and sale provided that the property would be sold subject to existing violations. There were no existing violations on the property at the date of auction sale, the repairs described having been completed, and the costs therefor having been reduced to liens. Section 1354 of the Real Property Actions and Proceedings Law specifically provides that the Referee shall pay out of the proceeds of sale any liens or encumbrances placed by a city agency on the real property which have priority over the foreclosed mortgage. The appellant should not have borne the expense of those existent liens for the completed repairs and is entitled to be reimbursed for them by the Referee. The section also provides, as does the judgment of foreclosure and sale, that the Referee shall pay out of the proceeds of sale, all taxes, assessments and water rates, which are liens upon the premises to the date of sale. In the circumstances disclosed, the date of sale of the property is the date of the auction sale and not the date of delivery of the deed. (Wagner v White, 225 App Div 227.) The real estate, water and sewer taxes all became due on July 1, 1978. The "sale" herein took place on July 6, 1978 at the time the bid on auction was placed by appellant. The taxes were existent liens on the premises as of July 1, 1978, and the Referee was by statute and by the judgment of foreclosure and sale, directed to pay the taxes which had become liens on the premises prior to the date of sale. Concur—Kupferman, J. P., Fein, Sandler, Markewich and Silverman, JJ.