■ ROBERT T. PHELAN, Appellant, v LINDA S. PHELAN, Respondent.—In an action, *inter alia,* for partition of certain real property owned by the parties as tenants in common, the plaintiff (1) appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated March 2, 1987, which, *inter alia,* granted the cross motion of the Referee and the

defendant, *inter alia,* to confirm the sale of the property, denied his motion, pursuant to RPAPL 945, for an order adjusting the rights of the parties with respect to the receipt of rents, and denied his motion for an order rejecting the defendant's bid and awarding the property to the second highest bidder, and (2) purportedly appeals from an order of the same court (Green, J.), dated November 28, 1984, which, *inter alia,* granted the defendant's motion to sequester $10,000 of the plaintiff's proceeds from the sale of the property to be used to secure future court-ordered child support payments.

Ordered that the purported appeal from the November 28, 1984, order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by (1) deleting therefrom the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, twelfth, and thirteenth decretal paragraphs; and substituting therefor provisions denying the cross motion of the Referee and defendant and vacating the sale, and (2) deleting so much of the tenth decretal paragraph as denied that branch of the plaintiff's motion which was for an order rejecting the bid of the defendant and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

An interlocutory judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated November 26, 1984, which, in pertinent part, directed the sale of the parties' former marital residence, confirmed the Referee's report which discussed four liens that had been filed against the subject premises. Accordingly, the interlocutory judgment's direction that the public sale of the premises was to be "in accordance with the prior Report of the aforesaid Referee", should have been read as providing that the premises were to be sold subject to the four liens set forth in the Referee's report, and recited in the interlocutory judgment. However, the terms of the sale, as announced by the Referee at the sale, did not provide that the premises would be sold subject to only the four liens. Instead, the Referee orally announced, in pertinent part, that the premises would be sold "subject to any liens or judgments that * * * may be on the record at this time". This statement by the Referee exceeded her authority as delineated in the interlocutory judgment. Further, the record indicates that the imposition of this unauthorized sale term necessarily had the

effect of discouraging bidding, to the clear detriment of the plaintiff. Consequently, the sale should not have been confirmed and the defendant's bid should have been rejected. Under the circumstances, the appropriate remedy is to direct a new sale, rather than awarding the premises to the second highest bidder at the sale (see, Zouppas v Yannikidou, 16 AD2d 52; Empire State Dev. Co. v Lambert, 15 AD2d 511, 936, affd 11 NY2d 913). At such sale, the bidders should be informed, by the notice of sale, that the premises are being sold subject only to the four liens listed in the Referee's report and interlocutory judgment, which liens shall be paid out of the purchase price.

The three liens which were perfected against the plaintiff's interest in the premises after the Referee's report was filed were properly declared to be invalid and the premises are not to be sold subject to these three liens.

We find no merit to the plaintiff's claim that the defendant was not entitled to a credit against the proceeds of the sale for the payments she made for the mortgage, maintenance and upkeep of the premises for the period after the date of the parties' separation agreement and prior to the judgment of divorce (see, Larsen v Larsen, 54 AD2d 1073; Doyle v Hamm, 52 AD2d 899).

With respect to the plaintiff's motion for an order, pursuant to RPAPL 945, adjusting the rights of the parties with respect to the receipt of rents, we find that the motion papers do raise an issue of fact regarding the plaintiff's entitlement to the relief requested with regard to those rents which may have been received by the defendant from the date of the interlocutory judgment to the date of the confirmation of the sale. Accordingly, after the confirmation of the new sale, a hearing and new determination should be rendered on this motion.

We have considered the other contentions of the plaintiff with regard to the judgment and find them to be without merit.

The purported appeal from the November 28, 1984, order must be dismissed because no notice of appeal was filed with respect to that order (see, CPLR 5515). Further, the appeal from the March 2, 1987, judgment does not bring up for review the November 28, 1984, order (cf., CPLR 5501 [a]). Accordingly, we have not considered any challenge to that order on this appeal. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.