■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff, v JOHN NITTOLI et al., Defendants, and LUDLUM CORP. PROFIT SHARING PLAN AND TRUST, Respondent. JAMES PI et al., Nonparty Appellants. [671 NYS2d 657] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered September 30, 1997, which denied appellant successful bidders' motion to set aside a foreclosure sale and compel return of their down payment deposited with the Referee, unanimously affirmed, with costs.

Sale of the premises subject to unpaid taxes and assessments was not a violation of RPAPL 1354 (2) since the judgment of foreclosure so provided. Even if it were such a violation, appellants had notice of such condition and therefore cannot claim prejudice (RPAPL 231 [6]; *cf., Aaron v Kent*, 182 AD2d 960). Nor should the sale be set aside because of the continued occupancy of the mortgagor, whose right of possession continues until delivery of the Referee's deed (*see, Central Hanover Bank & Trust Co. v Boccia*, 244 App Div 106, 112). We have considered appellants' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.

■ In the Matter of JOAQUIN RIVERA, a Suspended Attorney. [675 NYS2d 525] —Respondent's letter is deemed a motion to hold disciplinary proceedings in abeyance, and said motion is denied, as indicated. No opinion. Concur—Rosenberger, J. P., Rubin, Williams, Tom and Andrias, JJ.

(May 14, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN GLOVER, Appellant. [672 NYS2d 699] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered January 10, 1995, convicting defendant, after a nonjury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court's verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence that defendant's use of force was for the purpose of enabling him to retain possession of the stolen clothing and not merely to facilitate his escape and/or to ward off an unprovoked physical attack. We decline to disturb the court's credibility determinations. Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.