■ BANK OF NEW YORK, Respondent, v DOTLIN LOVE et al., Defendants. TOTARAM ENTERPRISES, L.P., et al., Nonparty Appellants. [763 NYS2d 553] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 5, 2002, insofar as it denied nonparty appellants' motion to compel the Referee at a foreclosure sale to transfer the foreclosed property to them without charging them for unpaid taxes and other assessments, unanimously reversed, on the law, without costs, the transaction vacated as being inconsistent with the terms of the judgment of foreclosure, and the matter remanded for purposes of conducting a new auction.

Plaintiff Bank of New York was awarded a judgment of foreclosure and sale with regard to 153 West 175th Street in Bronx County. The judgment directed that the property be sold by a Referee. With regard to certain outstanding taxes on the property, the judgment directed that "[t]he Referee may pay [from the proceeds of the sale] the taxes, assessments and water rates and taxes which are or may become liens on the premises at the time of sale with such interest or penalties which may have been lawfully accrued thereon to the date of such payment, or said Referee may allow the same to the Purchaser at the time of delivery of Deed upon production to said Referee of proper vouchers showing payment thereof * * *." A notice of sale placed in the New York Law Journal indicated that the premises would be sold "subject to the provisions of the filed judgment * * * [and] is subject to the Terms of Sale." With respect to taxes and other outstanding liabilities, the terms of sale stated that "[a]ll unpaid taxes, assessments and water charges and sewer rents, which at the time of sale are liens or encumbrances upon the premises purchased herein must be

paid by the Purchaser prior to the Closing Date * * *." Appellants are the assignees of the successful bidder at the foreclosure sale. The memorandum of sale executed by them incorporated by reference the terms of sale.

At the closing, plaintiff bank demanded that appellants pay approximately $6,600 in outstanding taxes. However, appellants objected, contending that under Real Property Actions and Proceedings Law § 1354, taxes must be paid from the proceeds of the sale, and that the terms of sale are invalid to the extent that such contravenes the statute. When the closing did not occur, appellants moved by order to show cause for an order compelling the Referee to close on the sale without requiring the payment of taxes by appellants. Plaintiff cross-moved for an order declaring that appellants were in default for failing to timely close, and to declare a forfeiture of their down payment. The IAS court conditionally granted the cross motion in that appellants were afforded 10 days to either pay the taxes and close, or to not pay the taxes and not close, but to receive their down payment back and void the contract. The court concluded that the purchasers were obligated to satisfy the condition in the terms of sale regarding payment of taxes, notwithstanding that the language in the judgment indicated otherwise.

We reverse. Preliminarily, RPAPL 1354 (2) states that "[t]he officer conducting the sale shall pay out of the proceeds all taxes, assessments, and water rates which are liens upon the property sold * * * The sums necessary to make those payments * * * are deemed expenses of the sale." In the present case, the judgment, but not the terms of sale, was consistent with the statute. We have consistently held that a judicial sale of real property must conform to the judgment, and the terms of sale may not deviate from the judgment (*Zouppas v Yannikidou*, 16 AD2d 52, 55 [1962]; *Battista v Liuzzi*, 15 AD2d 910, 911 [1962]). In *Zouppas*, we specifically ruled that the terms of sale may not deviate from the judgment so as to provide a sale subject to tax liens not mentioned in the judgment, which were "vague and indefinite as to existence and amount. Such unauthorized terms of sale tend to discourage purchasers and to unjustly sacrifice the property of the owners thereof" (16 AD2d at 55). Similarly, where the judgment directed that the sale be conducted in accordance with a specified referee's report that itemized four liens, although the terms of sale could have required payment of those specified liens, the referee exceeded his authority by making the sale subject to any liens on the record at the time of sale (*Phelan v Phelan*, 148 AD2d 433

[1989]). So, too, in the present case, the judgment provides no authorization for the Referee to require the purchaser to pay the taxes without receiving a credit. Rather, the judgment provides only that the Referee may pay the taxes out of the proceeds, or allow the purchaser to pay the taxes and receive a credit upon tender of appropriate proofs of payment. Parenthetically, the concern we articulated in *Zouppas* may well apply here, in that prospective purchasers that might have been attracted by the foreclosure judgment may have been subsequently discouraged by the terms of sale, which superimposed indefinite expenses on the purchase price. In any event, insofar as the terms of sale deviated from the judgment, the sale conducted in accordance therewith was invalid and must be vacated. Insofar as the sale was unlawful, appellants are entitled to a return of their down payment, as well as an opportunity to bid at the new auction. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.