■ THOMAS VINCENT et al., Respondents, v RENEE E. GAZELLA, Appellant. [875 NYS2d 275]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lalor, J.), entered March 5, 2008 in Greene County, which granted plaintiffs' motion to confirm a Referee's report of sale.

Defendant's $150,000 debt to plaintiffs was secured by two mortgages. She defaulted in her payments and plaintiffs obtained a judgment of foreclosure in April 2006 directing sale of defendant's property. At the sale in May 2007, plaintiff Thomas Vincent submitted the high bid of $305,000. The

Referee's report calculated an amount due of $213,624.99 (which included, among other things, principal, interest and fees as set forth in the April 2006 judgment, interest since April 2006, various costs related to the sale, property taxes paid by plaintiffs and recording fees), leaving a surplus of $91,375.01. When plaintiffs moved for an order to confirm the Referee's report and direct disposition of the surplus, defendant—ostensibly now in bankruptcy—opposed the motion arguing, among other things, that several items had been improperly included in the amount due causing the surplus to be incorrectly reduced. Supreme Court confirmed the Referee's report in its entirety. Defendant appeals.

Defendant contends that Supreme Court erred in confirming the Referee's report of sale because that report was not attached to plaintiff's original motion papers. Here, within 30 days of the sale and in compliance with RPAPL 1355 (1), the Referee's report of sale was filed in May 2007 with the Greene County Clerk and a copy was served on defendant's attorney. Although the report of sale was not thereafter attached to the original motion to confirm made in August 2007, another copy was supplied in response to defendant's opposition to the motion. Minor irregularities that do not result in prejudice need not occasion reversal (*see Citibank v Schimkus*, 231 AD2d 486, 487 [1996], *appeal dismissed* 89 NY2d 981 [1997]; *Reconstruction Fin. Corp. v Finch*, 8 AD2d 869, 870 [1959]). Clearly, there was no prejudice occasioned by omitting the report of sale from the original motion papers, as Supreme Court and defendant were fully apprised of the content of such report. Moreover, we find unpersuasive defendant's further contention that the report of sale, which complied with the statute (*see* RPAPL 1355), failed to supply adequate information supporting the Referee's calculations.

Next, we address defendant's argument that, since the terms of sale (*see* RPAPL 231) stated that the sale was subject to outstanding real property taxes, it was error to credit plaintiffs for paying, immediately before the sale, such taxes (which they had a right to do under the terms of the mortgage). In essence, defendant asserts that this gave plaintiffs an unfair advantage over others bidding at the sale. However, RPAPL 1354 (2) requires a referee to pay these taxes out of the proceeds of the sale, and the judgment here also directed such payment. To the extent that a provision of the terms of sale provided otherwise, that provision was void (*see Bank of N.Y. v Love*, 3 AD3d 303, 305 [2004]; *Harbor Fin. Mtge. Corp. v Hurry*, 277 AD2d 693, 694 [2000]; *Albany Sav. Bank v Thum Realty*, 97 AD2d 891, 891

[1983]). In the absence of further proof of irregularity by plaintiffs, the single void provision of the terms of sale does not provide a basis for concluding that plaintiffs manipulated an unfair advantage at the sale or that they are not entitled to credit—as permitted in the mortgage—for the overdue real estate taxes they paid.

The remaining costs challenged by defendant are authorized in the mortgage and were charged consistent with the judgment.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.