■ Joan Cashin, Respondent, v Susan Simek, Defendant. Island Properties & Associates, LLC, Nonparty Appellant. [875 NYS2d 492]—

In an action to foreclose a mortgage, the nonparty Island Properties & Associates, LLC, as successful bidder at the foreclosure sale, appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated August 3, 2007, as granted that branch of the plaintiff's cross motion which was to compel it to reimburse the referee for real property taxes paid by the plaintiff in the sum of $61,524.95.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent.

In this foreclosure action, the judgment of foreclosure and sale, the notice of sale, and the terms of sale each provided that the successful bidder would take the property subject to the payment by the successful bidder of any unpaid taxes, liens, or encumbrances. Island Properties & Associates, LLC (hereinafter Island Properties), as successful bidder at the foreclosure sale, refused to make those payments. It contends that, pursuant to RPAPL 1354 (2), those payments must be made out of the proceeds of the foreclosure sale.

By Laws of 1997 (ch 232), RPAPL 1354 (2) was amended to require that taxes, assessments, and water rates which are liens on the property be paid out of the proceeds of a mortgage foreclosure sale. Further, the amendment deleted the language "unless the judgment otherwise directs." The purpose of this

amendment was to insure that municipalities were paid the amounts owed to them (1997 NY Legis Ann, at 144).

Nevertheless, it has repeatedly been held that the terms of the judgment of foreclosure and sale control (*see Bank of N.Y. v Love*, 3 AD3d 303 [2004]). Where, as here, the record demonstrates that the purchaser had notice that the property at issue was being sold subject to the payment by the purchaser of any unpaid taxes, liens, or encumbrances pursuant to the terms of the judgment of foreclosure and sale, the purchaser is bound by those provisions. "Having proceeded with the purchase under those terms, the [appellant] cannot now claim that the judgment of foreclosure and sale should be modified to eliminate that obligation" (*Merrill Lynch Credit Corp. v Averell*, 283 AD2d 618 [2001]; *see Better Homes Depot v Kraut*, 282 AD2d 637 [2001]; *Federal Natl. Mtge. Assn. v Nittoli*, 250 AD2d 427 [1998]). By complying with the terms of the judgment, the statutory objective of insuring the municipality is paid is satisfied, since the bidder is required to pay outstanding taxes at the closing.

In the instant case, since Island Properties refused to close, the plaintiff paid the taxes to avoid forfeiture and the appellant must now make reimbursement. Since the terms of the judgment of foreclosure were clear, by proceeding with the sale, and not seeking vacatur of the sale, the appellant in effect waived any claim that the judgment should be modified to comply with RPAPL 1354 (2) (*see Merrill Lynch Credit Corp. v Averell*, 283 AD2d 618 [2001]; *Better Homes Depot v Kraut*, 282 AD2d 637 [2001]; *Federal Natl. Mtge. Assn. v Nittoli*, 250 AD2d 427 [1998]). Fisher, J.P., Balkin and Chambers, JJ., concur.

McCarthy, J. (concurring, with the following memorandum): I write separately to emphasize that judgments of foreclosure and sale should be drafted in strict accordance with RPAPL 1354 (2), which provides, in pertinent part, that "[t]he officer conducting the sale *shall pay* out of the proceeds all taxes, assessments, and water rates which are liens upon the property sold" (emphasis added). Prior to 1997, RPAPL 1354 (2) provided, in pertinent part, that "the officer conducting the sale shall pay, out of the proceeds, *unless the judgment otherwise directs*, all taxes, assessments, and water rates which are liens upon the property" (L 1997, ch 232, § 1 [emphasis added]). In 1997, the statute was amended to remove the language "unless the judgment otherwise directs" (*id.*), thereby eliminating the option that the property could be sold subject to "all taxes, assessments, and water rates which are liens upon the property." As the judgment of foreclosure and sale at bar, which is dated

May 2, 2006, nine years after the 1997 amendment, directed the referee to sell the premises *"subject to* any real estate taxes, assessments, water charges, and sewer rents which are or may become liens on the premises with interest and penalties which may have accrued" (emphasis added), it was not in accordance with RPAPL 1354 (2). However, as constrained by our prior holdings, I agree that the order should be affirmed insofar as appealed from (*see Merrill Lynch Credit Corp. v Averell*, 283 AD2d 618 [2001]; *Better Homes Depot v Kraut*, 282 AD2d 637 [2001]; *see also Bank of N.Y. v Love*, 3 AD3d 303, 305 [2004]; *Federal Natl. Mtge. Assn. v Nittoli*, 250 AD2d 427 [1998]; *cf. Fleet Fin. v Gillerson*, 277 AD2d 279 [2000]).

In the legislative memorandum in support of the 1997 amendment to RPAPL 1354, the justification for the amendment was expressed as follows: "Given the current financial difficulties being experienced by state and local governments, it becomes increasingly necessary that local governments utilize all available resources in a more cost effective manner. In doing so, local governments must also pursue every available revenue source, especially revenues already owed to the municipality. This bill assures municipalities of the payment of back taxes, liens, assessments and water rates as a condition of any foreclosure sale. For example, in 1990 and 1991, in the City of Buffalo there were four major properties struck down to foreclosure and sold at auction which would have provided Buffalo with over $3 million rightfully owed the City at the time of these sales. The judgment in those cases permitted the sales to be made subject to the taxes and, as a consequence, the taxes were not paid out of the sale proceeds and the City of Buffalo was required to pursue other means to collect the taxes which resulted in additional delay and expense" (1997 NY Legis Ann, at 144).

The justification for amending the statute in 1997 remains true. Further, as noted previously, the plain language of RPAPL 1354 (2) clearly requires the judgment of foreclosure and sale to provide that back taxes, assessments, and water rates will be paid out of the sale proceeds. In my view, strict adherence to RPAPL 1354 will best assure that municipalities will obtain the revenues to which they are entitled, without delay and expense.