1078

■ NICHOLAS R. ST. DENIS, Appellant, v COLE D. BLAKESLEY et al., Defendants, and RICHARD GIROUX, Respondent. [896 NYS2d 180]—

Peters, J.P. Appeals (1) from an order of the Supreme Court (McGill, J.), entered February 13, 2009 in Clinton County, which, among other things, denied plaintiff's motion seeking direct payment of certain real property taxes by defendant Richard Giroux, and (2) from an order of said court, entered April 22, 2009 in Clinton County, which, among other things, denied plaintiff's motion for a deficiency judgment against said defendant.

In 2003, plaintiff sold property in the Town of Plattsburgh, Clinton County to defendant Cole D. Blakesley, over which Blakesley executed a mortgage in favor of plaintiff. Blakesley subsequently conveyed the property to defendant Arthur Blakesley, who conveyed the property to defendant Robert Paul Flick Jr. While both of these deeds included a clause assuming the mortgage, neither deed was signed by the grantee. In 2006 Flick, by defendant Richard Giroux (hereinafter defendant) acting pursuant to a power of attorney, conveyed the property to defendant. The deed stated that the conveyance was subject to the mortgage held by plaintiff and contained a clause by which defendant was to assume the mortgage; however, the deed was not executed and acknowledged by defendant pursuant to the requirements of General Obligations Law § 5-705.

When defendant failed to make payments on the mortgage, plaintiff commenced this foreclosure action against, among others, Cole Blakesley, Arthur Blakesley, Flick and defendant. Of those parties, only defendant appeared. Supreme Court granted plaintiff's motion for summary judgment against defendant on his foreclosure action, declared the remaining defendants in default and appointed a referee. A judgment of foreclosure and sale was entered in May 2008, which confirmed the referee's report, awarded plaintiff the amount due on the mortgage together with interest, costs, insurance premiums, utilities, repairs and counsel fees, and ordered the parcel to be sold at

auction. Defendant was the successful bidder at the foreclosure sale held in June 2008 and paid a deposit on the sale price, but ultimately failed to complete the transaction. Thereafter, Supreme Court declared defendant to be in default and directed the referee to schedule an additional sale and pay from defendant's deposit, among other things, real property taxes over and above those determined to be owing in the May 2008 judgment of foreclosure and sale.

At the second sale, held in October 2008, defendant was again the successful bidder with a bid of $190,000. Having learned that the referee intended to pay outstanding property and school taxes from the proceeds of the sale, plaintiff moved for an order directing defendant to pay the taxes, directing the referee to convey the property to defendant subject to the taxes, or vacating the sale and directing another sale. In the meantime, upon defendant's tender of the balance of the purchase price, the referee paid out all expenses of the sale from the proceeds—including the sum of $25,737.26 for outstanding taxes—and disbursed the balance of the proceeds to plaintiff. Subsequently, in a February 2009 order, Supreme Court denied plaintiff's motion, finding that the referee properly disbursed the proceeds of the sale. Plaintiff then moved for, among other things, a deficiency judgment in the amount of the taxes paid by the referee from the proceeds, which Supreme Court denied in an April 2009 order. Plaintiff now appeals from both the February and April 2009 orders.

Plaintiff contends that Supreme Court erred in requiring the outstanding property and school taxes to be paid out of the proceeds of the sale. More specifically, plaintiff argues that defendant should be required to pay those taxes since they were incurred while he was the title owner of the property and because the judgment of foreclosure is unclear as to whether tax liens existing at the time of the sale were to be paid from the proceeds of the sale or whether the property was to be sold subject to the tax liens.

RPAPL 1354 (2) clearly provides that "[t]he officer conducting the [foreclosure] sale *shall* pay out of the proceeds all taxes, assessments, and water rates which are liens upon the property sold" (emphasis added). Notably, the statute was amended in 1997 by deleting the language "unless the judgment otherwise directs" (L 1997, ch 232, § 1), thereby eliminating the option that the property could be sold subject to any tax liens (*see Cashin v Simek*, 59 AD3d 657, 658 [2009, McCarthy, J., concurring]). Indeed, as noted in the legislative memorandum in support of the 1997 amendment to RPAPL 1354 (2), "[t]his bill as-

sures municipalities of the payment of back taxes, liens, assessments and water rates *as a condition of any foreclosure sale*" (Senate Sponsor's Mem, 1997 NY Legis Ann, at 144 [emphasis added]). Thus, whether or not the judgment of foreclosure here required existing tax liens to be paid from the proceeds of the sale is irrelevant, since the requirements of RPAPL 1354 (2) would trump any inconsistent provision in the judgment of foreclosure regarding the payment of any such liens.[1]

Here, the 2007 property and school taxes and the 2008 property tax were liens on the property as of the date of the auction sale and, therefore, were properly payable from the proceeds of the sale pursuant to RPAPL 1354 (2) (*see NYCTL 1996-1 Trust v EM-ESS Petroleum Corp.*, 57 AD3d 304, 305 [2008]; *Goldstein v Thirlex Realty,* 72 AD2d 709, 710 [1979]). As for the 2008 school tax, however, the record is not sufficiently developed to determine when it became a lien on the property (*see* RPTL 1312 [1]).[2] If such school tax became a lien on the property after the auction sale, it would not be payable from the proceeds of the sale (*see NYCTL 1996-1 Trust v EM-ESS Petroleum Corp.*, 57 AD3d at 305). Thus, this matter must be remitted to Supreme Court to determine whether the 2008 school tax was properly paid from the proceeds of the sale.

Nor was plaintiff entitled to a deficiency judgment. A deficiency judgment may be sought against "a person who is liable to the plaintiff for the payment of the debt secured by the mortgage" (RPAPL 1371 [1]). Here, however, defendant neither assumed the mortgage nor the debt secured by the mortgage (*see* General Obligations Law § 5-705), and therefore cannot be liable for any deficiency. In any event, even were defendant to be liable for the debt secured by the mortgage, there is no deficiency to be recovered inasmuch as the market value of the property—as agreed to by the parties—exceeded the amount owed by plaintiff (*see* RPAPL 1371 [2]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order entered February 13, 2009 is modified, on the law, without costs, by reversing so much thereof as directed that the 2008 school tax be paid from the proceeds of the sale of certain property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision;

---

**1.** To the extent that the Second Department's decision in *Cashin v Simek* (59 AD3d 657 [2009]) held otherwise, we decline to follow it.

**2.** RPTL 1312 (1) provides that school taxes become a lien "as of the date and hour of the confirmation or final adoption of the school tax roll by the school authorities."

and, as so modified, affirmed. Ordered that the order entered April 22, 2009 is affirmed, without costs.