(November 13, 2013)

■ BANK OF NEW YORK MELLON TRUST COMPANY, Formerly Known as BANK OF NEW YORK TRUST COMPANY, as Trustee for

Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates Series 2005-AR2, Respondent, v Ungar Family Realty Corp., Appellant, et al., Defendants. [974 NYS2d 584]—

In an action to foreclose a mortgage, the defendant Ungar Family Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated November 28, 2011, as denied those branches of its cross motion which were to vacate a judgment of foreclosure and sale of the same court dated April 22, 2010, and dismiss the complaint insofar as asserted against it, or in the alternative, in effect, to vacate so much of the sixth decretal paragraph of the judgment of foreclosure and sale as followed the phrase "executing the proper conveyance to the purchaser."

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was, in effect, to vacate so much of the sixth decretal paragraph of the judgment of foreclosure and sale as followed the phrase "executing the proper conveyance to the purchaser" and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant Ungar Family Realty Corp. (hereinafter UFRC) contends that the action should be dismissed insofar as asserted against it for lack of standing because the plaintiff was not the holder of the underlying note and mortgage when it commenced the action (see Homecomings Fin., LLC v Guldi, 108 AD3d 506, 507 [2013]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]). The Supreme Court properly rejected this claim because UFRC waived it by failing to challenge the plaintiff's standing in its answer or in a pre-answer motion to dismiss (see CPLR 3211 [e]; US Bank N.A. v Denaro, 98 AD3d 964, 964-965 [2012]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007]).

UFRC also contends that the Supreme Court lacked jurisdiction to proceed because the original signer of the note and mortgage, Jakab Ungar, died before the action was commenced and no representative of the estate was substituted for him. The Supreme Court properly rejected this claim as well. Jakab Ungar had conveyed his entire interest in the subject property to UFRC before his death, so he was not a necessary party to the action (see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 858 [2008]; Federal Natl. Mtge. Assn. v Connelly,

84 AD2d 805, 805 [1981]). In addition, Jakab Ungar's death did not affect the merits of the action inasmuch as the plaintiff did not seek a deficiency judgment against Jakab Ungar and voluntarily discontinued the action as against him (*see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d at 858).

As the plaintiff correctly concedes, UFRC was not an obligor on the note, and therefore is not liable to the plaintiff for any deficiency remaining after the foreclosure sale (*see* RPAPL 1371; *St. Denis v Blakesley*, 70 AD3d 1078, 1080 [2010]). Accordingly, the judgment of foreclosure and sale, which erroneously provides for a deficiency judgment as against UFRC, must be modified to delete that provision. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.