Emigrant Mtge. Co., Inc. v Hartman (2019 NY Slip Op 04915)





Emigrant Mtge. Co., Inc. v Hartman


2019 NY Slip Op 04915


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-10504
 (Index No. 1256/07)

[*1]Emigrant Mortgage Company, Inc., respondent,
v
Robin B. Hartman, et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman and Roy J. Lester of counsel), for appellants.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer and Edward A. Vincent of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Robin B. Hartman and Michael Hartman appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 5, 2017. The order denied the motion of those defendants to reject a referee's report of sale.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Robin B. Hartman and Michael Hartman which was to reject so much of the referee's report of sale as calculated the amount to be credited to them for postjudgment payments received by the plaintiff and the concomitant interest due to the plaintiff, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs payable to the defendants Robin B. Hartman and Michael Hartman, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment of foreclosure and sale in accordance herewith.
In January 2007, Emigrant Mortgage Company, Inc. (hereinafter the plaintiff), commenced this action against Robin B. Hartman and Michael Hartman (hereinafter the defendants), among others, to foreclose a mortgage on property located in North Woodmere (hereinafter the subject property). Thereafter, the Supreme Court granted the plaintiff's motion for summary judgment and appointed Lisa Walker, as referee to ascertain and compute the amount due under the mortgage loan. In May 2008, a judgment of foreclosure and sale was entered, inter alia, confirming the report of Referee Walker, and directing the foreclosure sale of the property.
In March 2016, after a lengthy stay incurred as a result of bankruptcy proceedings initiated by Robin B. Hartman, the subject property was sold at auction to a third party. The defendants moved to reject the referee's report of sale. In an order entered September 5, 2017, the Supreme Court denied the defendants' motion. The defendants appeal.
We agree with the Supreme Court's denial of that branch of the defendants' motion which was to reject the referee's report of sale on the ground that the plaintiff failed to strictly [*2]comply with certain provisions of RPAPL 1355 (see CPLR 2001; Vincent v Gazella, 59 AD3d 775). Moreover, the defendants failed to establish that the referee erroneously calculated the referee's fees and the interest to be charged on the outstanding debt pursuant to the terms of the judgment of foreclosure and sale, imposed unwarranted advertising costs, or credited the plaintiff for expenses incurred, inter alia, for the maintenance of the property during the pendency of the action.
Nevertheless, the referee erred in her calculations of the amount to be credited to the defendants for postjudgment payments received by the plaintiff and concomitantly the interest due to the plaintiff. As the plaintiff concedes, the defendants made 72 payments between September 2008 and March 2015, totaling $297,744.35, which were applied variously to mortgage principal and interest, escrow (taxes and insurance), late fees, and service fees. Yet, the report of sale only credited the defendants for payments received in the sum of $222,591.62. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to reject that portion of the referee's report of sale, and the matter must be remitted to the Supreme Court, Nassau County, for the entry of an amended judgment of foreclosure and sale in accordance with the foregoing (cf. Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d 826).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court