DiTech Fin., LLC v Steplight (2022 NY Slip Op 03710)

DiTech Fin., LLC v Steplight

2022 NY Slip Op 03710

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-04544
 (Index No. 18476/10)

[*1]DiTech Financial, LLC, respondent, 
v
Janice Steplight, et al., defendants; 1330 Chai Prospect Place, LLC, intervenor-appellant. 

Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for intervenor-appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, 1330 Chai Prospect Place, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 15, 2019. The order, insofar as appealed from, denied that branch of the intervenor's motion which was to set aside the foreclosure sale and to direct the plaintiff to return the down payment and granted those branches of the plaintiff's cross motion which were to compel the intervenor to close title and to pay to the plaintiff at closing per diem interest and taxes to the date of closing.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was to direct the intervenor to pay to the plaintiff at closing per diem interest and taxes to the date of closing, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this foreclosure action against Janice Steplight (hereinafter the mortgagor), among others, which resulted in an order and judgment of foreclosure and sale. The mortgaged property was sold at a foreclosure auction. 1330 Chai Prospect Place, LLC (hereinafter the purchaser), was the successful bidder at the auction and paid a down payment equal to 10% of the purchase price. Prior to the scheduled closing date, the mortgagor commenced an action alleging, inter alia, fraud in the foreclosure action. The referee cancelled the closing. The purchaser requested that its down payment be returned, but the plaintiff objected. The purchaser moved, inter alia, for leave to intervene in this action and to set aside the foreclosure sale so as to have its down payment returned. The plaintiff cross-moved, among other things, to direct the purchaser to close title and to pay per diem interest and taxes to the date of closing.
The Supreme Court, inter alia, denied those branches of the purchaser's motion which were to set aside the foreclosure sale and to direct the plaintiff to return the down payment, and granted the plaintiff's cross motion to the extent of directing the purchaser to close title and to pay the plaintiff at closing per diem interest and taxes to the date of closing. The purchaser appeals.
"A marketable title is a title free from reasonable doubt, but not from every doubt" (Bank of N.Y. v Segui, 91 AD3d 689, 689 [internal quotation marks omitted]). "[S]omething more than a mere assertion of a right is essential to create an unmarketable or doubtful title" (id. at 690 [internal quotation marks omitted]). Here, contrary to the purchaser's contention, the mortgagor's [*2]action did not render title unmarketable. Therefore, the Supreme Court properly denied those branches of the purchaser's motion which were to set aside the foreclosure sale and to direct the plaintiff to return the down payment.
However, the Supreme Court erred in requiring the purchaser to pay the accrued taxes to the date of closing. Those payments must be made out of the proceeds of the foreclosure sale (see Cashin v Simek, 59 AD3d 657).
"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1622 [internal quotation marks omitted]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in directing the purchaser to pay interest to the date of closing (see generally Sloane v Gape, 216 AD2d 285; South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp., 54 AD2d 978).
The purchaser's remaining contention is without merit.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court